UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| TRANSITIONAL HOSPITALS CORPORATION OF LOUISIANA, INC., d/b/a KINDRED HOSPITAL NEW ORLEANS | CIVIL ACTION |
|---|---|
| | No. 09-6245 |
| | SECTION I |
| VERSUS | |
| AMERICAN POSTAL WORKERS UNION HEALTH PLAN | |

## ORDER AND REASONS

Transitional Hospitals Corporation of Louisiana, Inc., d/b/a Kindred Hospital New Orleans ("Kindred") filed a motion to remand the above captioned case and a motion for attorney's fees. American Postal Workers Union Health Plan ("APWU") opposes the motion to remand.

For the following reasons, the motion for remand is **GRANTED** and the motion for attorney's fees is **DENIED.**

### *BACKGROUND*

Kindred is a long-term acute care hospital located in New Orleans, Louisiana. On September 9, 2008, Kindred accepted M.R. as a patient. M.R. remained a patient at Kindred for over five months, until she was discharged on February 19, 2009.[1] Kindred states that before admitting M.R. as a patient, Kindred completed a financial and clinical pre-certification process. Kindred's inquiry revealed that M.R. was covered by an APWU health insurance policy that was

---

[1] R. Doc. No. 1, p. 7.

1

administered by Care Allies.[2] Kindred asserts that as part of the pre-certification process, Kindred's representative spoke with an APWU representative. Kindred contends that the APWU representative relayed to Kindred that M.R. was covered by an APWU health insurance policy and that, after the per admittance $300 patient deductible was satisfied, Kindred would be reimbursed for 70 percent of allowable charges, with no lifetime maximum benefits, limitations, or restrictions.[3] Kindred states that, after that conversation, Kindred's representative contacted the plan's administrator, Care Allies, and obtained admission pre-certification prior to admitting M.R. to its facility. Kindred claims that, despite the representations and agreement made during the pre-certification process, APWU failed to reimburse Kindred to the extent promised by APWU's representative.[4]

APWU disputes Kindred's version of events, stating that on September 10, 2008, CareAllies sent Kindred a notice approving M.R.'s inpatient admission and a four day stay as medically necessary, from September 11 through September 15. Additionally, on September 16, 2008, Care Allies approved four more days of inpatient admission as medically necessary, from September 17 through September 20.[5] APWU asserts that on October 20, 2008, CareAllies notified Kindred that it was denying M.R.'s inpatient admission in long-term acute care, from October 16, 2009, forward, as not medically necessary.[6] APWU asserts that despite this notice,

---

[2]*Id*.

[3]*Id*.

[4]*Id*. at 8.

[5]R. Doc. No. 15, pp. 2-3.

[6]*Id*. at p. 3.

2

Kindred continued to treat M.R. through February 2009.[7] CareAllies received an appeal from Kindred on M.R.'s behalf and notified Kindred on May 6, 2009 that Kindred's appeal was granted for services from October 15 through November 14, 2008, but denied for services after November 14, 2008.[8] APWU states that Kindred declined to further pursue such appeal.[9]

Kindred filed a lawsuit against APWU in state court asserting claims under state law for negligent misrepresentation, detrimental reliance, breach of contract, and violation of LSA R.S. 51:1405, *et seq.*, based on the defendant's alleged initial misrepresentations and continued concealment.[10] Kindred asserts, and APWU agrees,[11] that Kindred is bringing its claim as a third party beneficiary and not as an assignee of M.R.'s claim.[12]

On September 11, 2009, APWU removed the above-captioned case to federal court on the basis of federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, on the ground that Kindred's claims raise issues under the Federal Employees Health Benefits Act, 5 U.S.C. § 8901 ("FEHBA").[13] Kindred filed the instant motion to remand on the ground that there is no basis for

---

[7]*Id.*

[8]In APWU's memorandum of opposition to Kindred's motion to remand, APWU gives the dates as "October 15 through November 14, 2009" and "November 14, 2009." R. Doc. No. 15, p. 3. The Court infers from the dates of M.R.'s stay (September 9, 2008 through February 19, 2009) that APWU intended to state the dates "October 15 through November 14, 2008" and "November 14, 2008."

[9]R. Doc. No. 15, p. 3.

[10]R. Doc. No. 1, p. 7.

[11]R. Doc. No. 29.

[12]R. Doc. No. 7, p. 3.

[13]R. Doc. No. 1, p. 1.

subject matter jurisdiction because the claims it asserts are not pre-empted by the FEHBA.[14]

*LAW AND ANALYSIS*

**I. Standards of Law**

**A. Motion to Remand**

Federal courts are courts of limited jurisdiction. *Howery v. Allstate Insurance Co.*, 243 F.3d 912, 916 (5th Cir. 2001)(citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994)). The Court must assume that a suit lies outside this limited jurisdiction until jurisdiction is established. *Id.* When a case is removed from state court, the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002)(citing *DeAguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir. 1994); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812 (5th Cir. 1993)(per curiam); *Willy v. Coastal Corp.*, 855 F.2d 1160 (5th Cir. 1988)).

To determine whether jurisdiction is present for removal, the Court considers the claims in the state court petition as they exist at the time of removal. *Id.* (*Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256 (5th Cir. 1995)). Any ambiguities or doubts are to be construed against removal and in favor of remand. *Id.* (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335 (5th Cir. 2000)). Because APWU removed the suit to federal court, it bears the burden of establishing a basis for federal subject matter jurisdiction.

**B. Federal Question Jurisdiction**

The defendant alleges that this case is properly before the Court because of federal

---

[14]R. Doc. No. 7.

4

question jurisdiction, i.e., the case "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "It is well settled that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Heimann v. Nat'l Elevator Indus. Pension Fund*, 187 F.3d 493, 499 (5th Cir. 1999); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed.2d 318 (1987)(stating that subject matter jurisdiction exists "when a federal question is presented on the face of the plaintiff's properly pleaded complaint").

However, there is an exception to the well-pleaded complaint rule. "'[W]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption,' the state claim can be removed." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-08, 124 S. Ct. 2488, 2495, 159 L. Ed.2d 312 (2004)(quoting *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8, 123 S. Ct. 2058, 156 L. Ed.2d 1 (2003)). This is so because "[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Id.* at 207-08, 124 S. Ct. at 2495.

**i. Kindred's claims are not preempted by FEHBA**

FEHBA's preemption clause provides that FEHBA policy terms relating "to the nature, provision, or extent of coverage or benefits (including payment with respect to benefits) shall supersede and preempt any State or local law . . . which relates to health insurance or plans." 5 U.S.C. § 8902(m)(1). As a Middle District of Alabama U.S. District Court explained:

> FEHBA completely preempts only those causes of action that fall within the scope of the act's civil enforcement provision. . . . [FEHBA's] preemptive scope extends to any action that touches directly upon a benefit determination, including those brought by providers who base their claims on the rights on the rights of

5

their patients. . . . On the other hand, federal jurisdiction cannot be maintained where the plaintiff's complaint seeks relief under state law and is based on an independent legal duty of the health care plan.

*Alabama Dental Assoc. v. Blue Cross & Blue Shield of Alabama, Inc*., 2007 WL 25488 at * 6 (M.D. Ala. Jan. 3, 2007)(internal citations omitted).[15]

APWU argues that this Court has subject matter jurisdiction because Kindred's claims are pre-empted by FEHBA. However, Fifth Circuit precedent is clear, in the context of both the Employee Retirement Income Security Act of 1974 ("ERISA") and FEHBA, that detrimental reliance claims brought by third party providers in that capacity are not subject to complete preemption.[16] *Memorial Hospital System v. Northbrook Life Ins. Co.*, 904 F.2d 236 (5th Cir. 1990)*; Transitional Hospitals Corp. v. Blue Cross & Blue Shield*, 164 F.3d 952 (5th Cir. 1999)("ERISA does not preempt state law when the state-law claim is brought by an independent, third-party health care provider (such as a hospital) against an insurer for its

---

[15]Courts have varied their approaches when assessing FEHBA preemption. In *Cedars-Sinai Medical Center v. Nat'l League of Postmasters of the United States*, the Ninth Circuit held that in order for FEHBA to pre-empt a state law cause of action, FEHBA must both "(1) provide remedies that displace state remedies (displacement of remedies) and (2) conflict with state law (conflict preemption)." 497 F.3d 972, 975 (9th Cir. 2007). The Second Circuit has held that, in order to trigger preemption under § 8902(m)(1), two independent conditions must be satisfied: "First, preemption only occurs when the FEHBA contract terms at issue 'relate to the nature, provision, or extent of coverage or benefits'. . . Second, federal law may only preempt state or local laws if those laws 'relate[ ] to health insurance or plans.'" *Empire Healthchoice Assurance, Inc. v. McVeigh*, 396 F.3d 136, 145 (2d Cir. 2005), *aff'd* 457 U.S. 677, 126 S. Ct. 2121 (2006)(quoting § 8902(m)(1)).

[16]FEHBA and ERISA are different federal statutes, but their preemption provisions are analytically similar. *See Marin General Hospital v. Modesto & Empire Transaction Co.,* 581 F.3d 941(9th Cir. 2009)(citing *Botsford v. Blue Cross & Blue Shield of Mont*., *Inc*., 314 F.3d 390, 393-94)(holding that FEHBA's preemption provision "closely resembles ERISA's express preemption provision, and precedent interpreting the ERISA provision thus provides authority for cases involving the FEHBA provision").

negligent representation regarding the existence of healthcare coverage.")("*Blue Cross*")*; Center for Restorative Breast Surgery, LLC v. Blue Cross Blue Shield of Louisiana*, 2007 WL 1428717 (E.D. La. May 10, 2007)(holding that detrimental reliance, quantum meruit, and unjust enrichment claims based on prior approval and alleged misrepresentations were "based on a legal duty that is independent of ERISA . . . [and so] are not completely pre-empted and cannot be a basis for federal removal jurisdiction").

In *Transitional Hospitals Corp. of Louisiana, Inc. v. Louisiana Health Service*, ("*Transitional Hospitals*") a hospital alleged that prior to its admitting the patient for treatment, the defendant, Blue Cross, erroneously represented that it would be reimbursed for treatment rendered under the patient's FEHBA plan. 2002 WL 1303121, at *1 (E.D. La. June 12, 2002)(Zainey, J.). The hospital sued Blue Cross for breach of contract and detrimental reliance, and the Court held that such third-party provider claims were not completely preempted. *Id*. at *3. The Court noted that the plaintiffs' breach of contract claim did not require determination of a federal right since the claim was based on alleged assurances of prior approval by Blue Cross, as opposed to the terms of the benefit plan itself. *Id*. at *2. Similar to the claims in *Transitional Hospitals*, in this case, Kindred's claims are based on APWU's alleged misrepresentations as to the extent of M.R.'s coverage prior to treatment, rather than the terms of the health plan itself.

APWU argues that the cases upon which Kindred relies, namely *Memorial Hospital System v. Northbrook Life Ins. Co.*, 904 F.2d 236 (5th Cir. 1990) and *Transitional Hospitals Corp. v. Blue Cross & Blue Shield*, 164 F.3d 952 (5th Cir. 1999) ("*Blue Cross*") are

7

distinguishable because in this case M.R. was actually covered by the APWU health plan.[17] In *Marin General Hospital v. Modesto & Empire Transaction Co.*, 581 F.3d 941(9th Cir. 2009), a hospital contacted a prospective patient's health plan administrator to confirm that the patient had coverage under ERISA. The plan administrator orally verified the patient's coverage, authorized treatment, and agreed to cover 90 percent of the patient's medical expenses. *Id*. at 943. After the hospital sent the administrator a bill for the patient's treatment, the plan administrator sent the hospital a check for a significantly smaller amount. *Id*. at 944. The hospital sued the plan administrator for breach of an implied contract, breach of an oral contract, negligent misrepresentation, quantam meruit, and estoppel. *Id.* Presented with the question as to whether the hospital's claim was pre-empted under ERISA, the Ninth Circuit held that the hospital was seeking to recover on the oral contract with the plan administrator, an obligation that was separate and distinct from any obligations under the ERISA plan. *Id*. at 948. The court reasoned:

> The Hospital's complaint relies on California state law to allege breach of an implied contract, breach of an oral contract, negligent misrepresentation, quantum meruit, and estoppel. All of these claims arise out of the telephone conversation in which MBAMD allegedly agreed to pay 90% of the patient's hospital charges. MBAMD has already paid the Hospital part of the patient's charges. That payment was made to the Hospital in its capacity as an assignee of the patient's rights under his ERISA plan. The Hospital is now seeking additional payment, in an amount necessary to bring the total payment up to 90% of its charges.

---

[17]Although the patient in *Memorial Hospital* was not covered by a health plan, the patient in *Blue Cross* was covered by an ERISA plan. 164 F.3d 952 at 252 (5th Cir. 1999). In *Blue Cross,* the Fifth Circuit held that "to the extent that [the patient] is not covered by the Policy as represented by Blue Cross to [the hospital], [the] [d]efendants made misrepresentations actionable under common law and the Texas Insurance Code." *Id*. at 955 (internal citations omitted).

8

> The Hospital does not contend that it is owed this additional amount because it is owed under the patient's ERISA plan. Quite the opposite. The Hospital is claiming this amount precisely because it is not owed under the patient's ERISA plan. The Hospital is contending that this additional amount is owed based on its alleged oral contract with MBAMD.

*Marin*, 581 F.3d at 947.

Similarly, Kindred is not suing to enforce M.R.'s rights under her FEHBA plan. Kindred is suing based on the alleged misrepresentations made by an APWU representative. Kindred's claims do not "touch upon a benefit determination"; instead Kindred seeks relief under state law based on a legal duty that is independent from the health care plan. *Alabama Dental Ass'c.*, 2007 WL 25488 at *6. Therefore, Kindred's claims are not preempted by FEHBA.

Last, APWU argues that Kindred's proper remedy is to sue under FEHBA as an assignee.[18] Both parties agree that Kindred is suing not as an assignee, but rather as an independent third party beneficiary.[19] As the Ninth Circuit explained in *Marin*:

> [I]n the case before us the patient assigned to the Hospital any claim he had under his ERISA plan. Pursuant to that assignment, the Hospital was paid the money owed to the patient under the ERISA plan. The Hospital now seeks more money based upon a different obligation. The obligation to pay this additional money does not stem from the ERISA plan, and the Hospital is therefore not suing as the assignee of an ERISA plan participant or beneficiary under § 502(a)(1)(B). Rather, the asserted obligation to make the additional payment stems from the alleged oral contract between the Hospital and MBAMD . . . the Hospital is not suing defendants based on any assignment from the patient of his rights under his ERISA plan pursuant to § 502(a)(1)(B); rather, it is suing in its own right pursuant to an independent obligation.

---

[18]APWU also argues that Kindred should pursue administrative remedies. Because both parties agree that the issue of whether Kindred should have pursued administrative remedies should be decided by the court with jurisdiction, the Court will not address that issue at this time. *See* R. Doc. No. 28.

[19]R. Doc. No. 29.

581 F.3d at 948. Kindred is not suing to enforce M.R.'s right under FEHBA; rather Kindred is suing based on the alleged misrepresentations made by APWU's representative to Kindred. Kindred is not required to sue as an assignee.

Kindred's claims are not preempted by FEHBA. Accordingly, the Court finds that it lacks subject matter jurisdiction over the above captioned case and the case is remanded.

## II. Attorney's Fees

Kindred requests that the Court award costs and attorney's fees pursuant to 28 USC § 1447(c).[20] An award of attorney's fees is discretionary and the Court does not consider the defendant's motive in removing the case. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). The central consideration is whether the defendant had objectively reasonable grounds to believe that removal was legally proper. *Id.* at 293.

> The application of § 1447(c) requires consideration of the propriety of the removing party's actions based on an objective view of the legal and factual elements in each particular case. We evaluate the objective merits of removal at the time of removal irrespective of the fact that it might ultimately be determined that removal was improper.

*Id*. The Court declines to grant Kindred's request for costs and attorney's fees. Although APWU's attempts to distinguish this case from others cited herein is rejected, the Court exercises its discretion to deny such an award.

---

[20] 28 USC § 1447(c) states, in pertinent part:
If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

**IT IS ORDERED** that the motion to remand is **GRANTED** and the case shall be remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

**IT IS FURTHER ORDERED** that the motion for attorney's fees is **DENIED.**

New Orleans, Louisiana, January 12, 2010.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**